IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACARIA CALMO PEREZ; and SANTOS M. CALMO, a minor; BONIFACIO E. CALMO, a minor; ELIZABETH M. CALMO, a minor; by and through their Guardian ad Litem JEFFREY MILES BRYANT,<br><br>      Plaintiffs,<br><br>   v.<br><br>JOHN MCNAMEE; MORBARK, INC., a Corporation; EDWIN DISSOSWAY; NANCY PUZZIFERRI and DOES 1 through 500,<br><br>      Defendants.<br>_____/ | No. C 06-5031 CW<br><br>ORDER DENYING MOTION TO REMAND |

   Plaintiffs move to remand this removed action to State court and request attorneys' fees under 28 U.S.C. § 1447(c).  Defendant Morbark filed an opposition, in which the other named Defendants join.[1]  The matter was decided on the papers.  Having considered the parties' papers, the Court DENIES Plaintiffs' motion.

---

   [1] Because the Court need not consider Defendant John McNamee's joinder in Morbark's opposition or James Mills' declaration in support of the opposition in deciding this motion, Plaintiffs' objection to them is overruled as moot.  (Docket No. 43).

BACKGROUND

Plaintiffs are the surviving spouse and children of Norberto Garcia. They are residents and citizens of Guatemala. Garcia suffered fatal injuries on January 17, 2005, while operating a wood chipper manufactured by Defendant Morbark, Inc., a corporation incorporated and with its principal place of business in Michigan. Garcia was working for Defendant John McNamee, an unlicensed contractor, at the time of the incident. McNamee is a resident of California. McNamee had been hired to do work at the property of Defendants Edwin Dissosway and Nancy Puzziferri, where the incident occurred. Defendants allege that Dissosway and Puzziferri are residents of Texas. Plaintiffs alleged in their complaint that Dissosway and Puzziferri are residents of California but now appear to concede that these defendants are not California residents as Plaintiffs originally believed. See Reply at 2.

Plaintiffs filed a wrongful death claim in Alameda County Superior Court on April 19, 2006, but did not serve this complaint on any of the defendants. On July 28, 2006, they filed their first amended complaint which named Morbark, Dissosway, Puzziferri, McNamee and Does 1-500 as defendants. Morbark was served with the first amended complaint on or about August 1, 2006. On August 21, Morbark filed a notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

Attached to the notice of removal was a letter from counsel for Defendants Dissosway and Puzziferri, addressed to counsel for Morbark, indicating that they did not object to Morbark filing the notice. Also attached was a letter, dated August 21, 2005, from

McNamee's counsel, James Mills, stating that his client "consents" to Morbark's removal of the case. Morbark Notice of Removal Exhibit D. At the time Morbark filed the notice, none of the other defendants had been served. On September 7, 2006, over two weeks after the notice of removal was filed by Morbark, Plaintiffs' counsel delivered the first amended complaint to Mills with a waiver of service form. Plaintiffs' Exhibit A. Plaintiffs state that they did this because Mills, who represented McNamee in a related workers compensation case brought by Plaintiffs, instructed that all communication and documents were to be directed to Mills.

## LEGAL STANDARD

A defendant may remove a civil action filed in State court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant must file a notice of removal within thirty days of being served with the initial pleading or summons. 28 U.S.C. § 1446(b). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). However, any civil action of which the district courts have original jurisdiction founded on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants

3

is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The district court is given "wide discretion" by § 1447(c) to determine whether to award fees. Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992); see also Gotro v. R. & B. Realty Group, 69 F.3d 1485, 1487 (9th Cir. 1995).

## DISCUSSION

Plaintiffs do not dispute that the Court has original jurisdiction based on diversity of citizenship. Rather, Plaintiffs argue that Defendant McNamee was a properly joined party at the time the notice of removal was filed, and therefore that removal was improper under 28 U.S.C. § 1441(b) because he is a citizen of the forum State.

Defendants counter that, because McNamee had not been served at the time the case was removed, the fact that he is a resident of the forum State should be ignored for purposes of removability. Plaintiffs reply (1) that the statutory language requiring that the resident defendant be served in order to prevent removal should not be strictly applied in this case and (2) that McNamee's counsel's letter indicating that he consented to removal of the case constituted an appearance in the case and, therefore, he waived service prior to removal.

Plaintiffs claim that the language in § 1441(b) should not

4

always be strictly applied, citing <u>Holstrom v. Harad</u>, 2005 U.S. Dist. LEXIS 16694 (N.D. Ill. 2005). In <u>Holstrom</u>, a Northern District of Illinois court adopted a Texas district court's limited rule ignoring the lack of service of the resident defendant "where no defendant had been served prior to removal." 2005 U.S. Dist. LEXIS at *5. In adopting that rule, the Illinois court noted that "[t]he purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." <u>Id.</u> at *6. The plaintiff could then dismiss its claims against the resident defendant after the non-resident's thirty-day period for removal had elapsed.[2] Accordingly, the court found that "the protection afforded by the 'joined and served' requirement is wholly unneccessary for an unserved non-forum defendant" because the thirty-day period for removal had not yet begun to run nor had any defendant been required to appear in court. <u>Id.</u> at *6-*7.

Plaintiffs equate what they term the unserved defendant's "preemptive strike" in <u>Holstrom</u> to the situation in the present case "where efforts to effect service upon all defendants were underway and one defendant simply responds more quickly that the others." Plaintiffs' Memorandum of Points and Authorities at 8. Plaintiffs also note that they were in compliance with California Rule of Court 201.7(b), which requires plaintiffs to file a proof of service on each defendant within sixty days from the filing of a

---

[2] Under 28 U.S.C. § 1446(b), a defendant must file its notice of removal within thirty days of service.

5

1  complaint.

2  However, Plaintiffs fail to acknowledge that Defendant Morbark
3  was bound by the thirty-day period to file a notice of removal.
4  Morbark did not file its notice of removal until August 21, three
5  weeks after it was served with the amended complaint and well into
6  its thirty-day period to file for removal.  Further, Plaintiffs did
7  not deliver the first amended complaint and the request for waiver
8  of service to McNamee's counsel until September 7, over two weeks
9  after the notice of removal was filed.  The Court finds that, as in
10 Republic Western Insurance Co. v. International Insurance Co., 765
11 F. Supp. 628, 629 (N.D. Cal. 1991), "the language of § 1441(b)
12 mandates the finding that this case was properly removed."

13 In support of their second argument, that even if McNamee was
14 not served at the time the removal was noticed, he waived service
15 when his counsel wrote to Morbark's counsel consenting to the
16 removal on his behalf, Plaintiffs cite RCA Corp. v. Superior Court,
17 47 Cal. App. 3d 1007 (1975).  In that case, the defendant filed a
18 motion to dismiss the action after the plaintiff failed to file the
19 return of service within three years as required by California law.
20 Id. at 1009-1010.  The court found that the parties' unfiled
21 stipulation extending the time for defendant to appear in the case
22 constituted an appearance by the defendant in the case.  Id. at
23 1010.  In reaching that conclusion, the court noted that an
24 appearance can "be express or arise by implication from the
25 defendant's seeking, taking, or agreeing to some step or proceeding
26 in the cause beneficial to himself or detrimental to the plaintiff,
27 other than one contesting the jurisdiction only."  Id. at 1009

6

(internal quotation omitted).

However, in RCA, the defendant clearly took a step beneficial to itself and potentially detrimental to the plaintiff when it allowed itself more time to respond to the plaintiff's complaint. Here, McNamee's action is ambiguous. The document in question is a letter from his attorney to Morbark's attorney, not a stipulation between McNamee and Plaintiffs, and it is not clear that the consent to Morbark's notice of removal was intended to benefit McNamee or to be detrimental to Plaintiffs. Rather, the action was taken to benefit Morbark, the only Defendant served at the time.

Further, as Defendants point out, McNamee's letter is more analogous to the affidavit filed in support of a co-defendant's motion for change of venue that was not considered an appearance in Slaybaugh v. Superior Court of Santa Clara County, 70 Cal. App. 3d 216 (1977). There, the court noted, "It is not every affidavit or appearance as a witness which will render one an appearing party to an action" and pointed out that Slaybaugh had "filed no pleading" in the case. Id. at 223-24. Although McNamee arguably acted more as a potential party than as a witness in the present case by noting his assent to another party's action than did the defendant in Slaybaugh by simply stating his residence, it is clear that McNamee had not filed any pleadings in the case at the time of the notice of removal.

The Court finds that the letter from McNamee's counsel to Morbark's counsel was not a general appearance. Therefore, McNamee was not a properly joined and served party at the time of the notice of removal. Because the Court finds that the notice of

7

removal was proper and that McNamee had not been served at the time of the notice, it need not reach Defendants' alternative argument that McNamee was fraudulently joined.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion to remand the action to State court (Docket No. 26). Plaintiffs' motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is consequently denied. A case management conference will be held on December 15, 2006 at 1:30 p.m. The parties shall file a joint case management statement one week prior to this date.

IT IS SO ORDERED.

Dated: 11/30/06

_____
CLAUDIA WILKEN
United States District Judge

8