UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MACARIA PEREZ, et al.,      )
                            )
          Plaintiffs,       )     No. C06-5031 BZ
                            )
     v.                     )     **ORDER GRANTING IN PART AND**
                            )     **DENYING IN PART DEFENDANT**
JOHN MCNAMEE, et al.,       )     **MORBARK, INC.'S MOTION TO**
                            )     **EXCLUDE EXPERT TESTIMONY**
          Defendants.       )
_____)

     Before me is defendant Morbark, Inc.'s motion to exclude all testimony of plaintiffs' expert Dr. Paul Youngdahl, and to exclude opinions contained in the "adjunct" report of plaintiffs' expert Dr. Glen Stevick.[1]  For the reasons stated below, Morbark's motion is **DENIED** as to Dr. Stevick, but **GRANTED** as to Dr. Youngdahl.

     Rule 37(c)(1) "excludes untimely expert witness testimony, unless the 'failure to disclose the required information is substantially justified or harmless.'"  <u>Laser</u>

_____

     [1]   All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

1   Design Intern., LLC v. BJ Crystal, Inc., 2007 WL 735763, at *1

2   (N.D. Cal.) (quoting Yetti by Molly Ltd. v. Deckers Outdoor

3   Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)); see also Eden v.

4   Washington State Patrol, 2006 WL 2927703 (W.D. Wash.)

5   (excluding expert testimony for failure to timely submit

6   report).[2]  Here, plaintiffs bear the burden of demonstrating

7   that their failure was either substantially justified or

8   harmless.  Yetti by Molly, 259 F.3d at 1107.

9       Pursuant to a stipulation and order dated March 2, 2007,

10  plaintiffs were required to disclose their expert witnesses

11  and submit all expert reports by April 9, 2007.  See Docket

12  No. 58.  The record shows that Dr. Stevick's adjunct report –

13  in actuality, a letter authored by Dr. Stevick and dated April

14  27 - was received by Morbark on May 2, 2007.  See Yee Decl. ¶

15  7, Exh. F.  Dr. Stevick, however, was involved in a plane

16  crash shortly before the disclosure deadline, hampering

17  attempts by plaintiffs' counsel to contact him to ensure

18  issuance of a completed report.  Pls.' Opp. To Morbark's

19  Motion to Exclude, at 9; Hill Decl. In Support of the Mot. To

20  Continue Trial ¶ 14.

21      In addition, Morbark admits to having provided two

22  inaccurate drawings of the wood chipper that was the subject

23  of Dr. Stevick's opinions.  See Yee Reply Decl. ¶¶ 3-4.  The

24  _____

25      [2]   Rule 37(c)(1) reads in pertinent part: "A party that
    without substantial justification fails to disclose information
26  required by Rule 26(a) . . . is not, unless such failure is
    harmless, permitted to use as evidence at a trial, at a
27  hearing, or on a motion any witness or information not so
    disclosed.  In addition to or in lieu of this sanction, the
28  court . . . may impose other appropriate sanctions."

1   correct drawings were provided to plaintiffs on April 24,

2   2007.  Stenson Decl. ¶ 6.  In his May 15 deposition, Dr.

3   Stevick states that the April 27 letter was based in part on

4   the drawings provided by Morbark on April 24.  See id. at ¶

5   11, Exh. A (excerpting Stevick's deposition testimony).

6   Defendants' untimely provision of the correct chipper drawings

7   contributed to the late preparation of the adjunct report.

8        Dr. Stevick's April 27 letter was provided almost one

9   week prior to the date by which defendants' experts

10  disclosures were due, see Docket No. 58 (requiring defendants

11  to disclose their experts by May 8, 2007), and approximately

12  two weeks prior to Dr. Stevick's deposition.  See Stenson

13  Decl. ¶ 11.  Thus, it is unclear to me on this record why

14  defendants' experts were unable to consider the further

15  opinions of Dr. Stevick, or how defendant was otherwise

16  harmed.

17       Dr. Youngdahl's testimony, on the other hand should be

18  excluded.[3]  When on April 10 plaintiffs' counsel disclosed to

19  defendants the names and reports of its expert witnesses, the

20  only document included relating to Dr. Youngdahl was his

21  curriculum vitae.  See Yee Decl. ¶ 5, Exh. D.  Dr. Youngdahl's

22  report was not provided until May 22, 2007.  Yee Decl. ¶ 8,

23  Exh. G.  Plaintiffs' provide little explanation for why

24

25

26

27       [3]    Dr. Stevick and Dr. Youngdahl are each engineers who
   opined the chipper was defective.  Thus, plaintiffs will have
28 expert testimony on this issue.

3

1  Dr. Youngdahl's report was not filed in a timely manner.[4]  Nor

2  do they adequately explain why they waited until June to seek

3  relief from the stipulated disclosure date, which was

4  especially egregious in light of the fact that plaintiffs knew

5  by April 10 that Dr. Youngdahl's report would be delayed.[5]

6      Plaintiffs' also fail to demonstrate the harmlessness of

7  the delay.  Due to the timing of the provision of the report,

8  Morbark's experts were unable to consider Dr. Youngdahl's

9  opinions in preparing their reports.  In addition, Dr.

10 Youngdahl's deposition was not taken on May 15 with

11 plaintiffs' other experts.  See Morbark's Memo. In Support of

12 Mot. To Exclude, at 6-7.  Morbark's experts would likely have

13 _____

14    [4]    A letter authored by plaintiffs' attorney John Hill
   and dated April 10 explained that Dr. Youngdahl was reviewing
15 recent deposition testimony and contentions contained in
   defendants' mediation brief, and wished to examine the chipper
   used by the decedent prior to completing his report.  Yee Decl.
16 ¶ 5, Exh. D.  In arguing this motion, plaintiffs claimed that
   provision of the incorrect drawings delayed the report.  Dr.
17 Youngdahl, however, supplied no declaration explaining the
   delay.  Only one declaration draws an explicit connection
18 between the delay and the drawings.  See Hill Decl. In Support
   of the Mot. To Continue Trial ¶ 16.  None of this explains why
19 Dr. Youngdahl did not provide some work product by the
   stipulated deadline or, more importantly, why plaintiffs failed
20 to timely seek relief from the deadline.  Nor have plaintiffs
   adequately explained why any problems they were having with
21 obtaining expert reports were not raised at the case management
   conference held April 9.
22
      [5]    Plaintiffs argue that they sought agreement from
23 defendants to reset the pertinent dates, and thought Morbark
   and others had agreed.  By April 23, however, Morbark had made
24 clear to plaintiffs that they would not agree to resetting the
   deadlines.  See Stenson Decl. In Support of Mot. To Continue
25 Trial ¶ 18, Exh. E.  Still, plaintiffs waited until June 12 to
   file their motion to continue the trial and related dates.  See
26 Docket No. 82.  Moreover, plaintiffs failed to mention at the
   April 9 case management conference, see Docket No. 63, problems
27 relating to the expert disclosure deadline despite the fact
   that they likely knew by that time that Youngdahl had failed to
28 complete his report.

1  to supplement their reports to consider Dr. Youngdahl's

2  opinions, and additional depositions may be required.

3  Plaintiff's tardiness was not harmless.  <u>See Wong v. Regents</u>

4  <u>of University of California</u>, 410 F.3d 1052, 1062 (9th Cir.

5  2005) (emphasizing the relationship between a court's pre-

6  trial deadlines and the orderly progression of litigation).

7      For the foregoing reasons, Morbark's motion to exclude

8  Dr. Stevick's adjunct report is **DENIED**, and its motion to

9  exclude the testimony of Dr. Youngdahl is **GRANTED**.

10  Dated: August 3, 2007

11

12                          _____
                             Bernard Zimmerman
13                          United States Magistrate Judge

14

15  G:\BZALL\-BZCASES\PEREZ\ORDER.MOTION.EXCLUDE.EXPERT.FINAL.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28