UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MACARIA PEREZ, et al., | ) | |
| Plaintiffs, | ) | No. C06-5031 BZ |
| v. | ) | **FINAL PRETRIAL ORDER** |
| JOHN MCNAMEE, et al., | ) | |
| Defendants. | ) | |

The final pretrial conference in this case was held on Tuesday, December 18, 2007. Plaintiffs were represented by John E. Hill and Daniel A. Stenson. Defendant John McNamee was represented by James Mills. Defendant Morbark was represented by Kevin G. Dougherty and John P. Walovich. Defendants Nancy Puzziferri and Edwin Dissosway were represented by Lawrence A. Baker.

This order follows the final pretrial conference. It shall control the subsequent conduct of the case and be modified only prevent manifest injustice. See Fed.R.Civ.P. 16(e).

///

**JOINT PRETRIAL STATEMENT**

The parties' joint pretrial conference statement, except as modified during the final pretrial conference and in this order, is hereby adopted.

**SETTLEMENT AS TO McNAMEE, PUZZIFERRI AND DISSOSWAY**

On December 14, 2007, defendants Puzziferri and Dissosway filed an application for good faith determination of settlement pursuant to California Code of Civil Procedure section 877.6. The settlement is contingent on plaintiffs obtaining approval of a minors' compromise and a release by defendant McNamee of his cross-claims.

At the pretrial conference, McNamee stated that he had also settled plaintiffs' claims contingent on approval of the minors' compromise and will seek a good faith determination.

As discussed at the conference, I will attempt to resolve these issues prior to trial. Plaintiffs are to file and serve their petition for minors' compromise and McNamee shall file his application for a determination of good faith settlement by **5 p.m.** on **December 19, 2007**.[1] Should any party oppose the petition or applications, that party shall file a notice of intent to oppose by no later than **noon** on **December 20, 2007** and I will issue a briefing schedule.

Based on the parties statements at the pretrial conference, there will not likely be any opposition to the petition or applications. As such, it appears that the

---

[1] If Puzziferri and Dissosway wish to file a more detailed application for a determination of good faith settlement, they should also do so by 5 p.m. on December 19, 2007.

2

petition and applications will be granted, assuming they are legally sufficient, and McNamee, Puzziferri and Dissosway will be dismissed from the action prior to trial.  Accordingly, this order will not address those defendants.

**LENGTH AND TIME OF TRIAL**

Trial shall begin on **Monday, January 7, 2008**, at **8:30 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.  The parties are to meet in my chambers at **8:15 a.m.** the morning of trial.  The trial schedule is as follows: **8:30 a.m. - 1:30 p.m.**  The parties shall make their best efforts to conclude the trial within five (5) days.  Plaintiffs shall be prepared to call their first witness **Monday, January 7, 2008**.  All parties shall schedule witnesses to avoid any interruption in the presentation of testimony.  During the trial, witnesses, other than counsel and their clients, shall remain sequestered outside the courtroom until they are called to testify.

The parties are reminded that no exhibits will be provided to the jury during deliberations unless they are properly put before the jury during trial.

*VOIR DIRE*

I have reviewed the suggested *voir dire* questions and provided the parties at the conference with the questions I intend to put to prospective jurors during *voir dire*.  Should any party wish to propose further questions or object to any of the questions I provided at the conference, they should file proposed *voir dire* questions or specific objections by no later than **Friday, December 21, 2007**.

**STIPULATIONS OF THE PARTIES**

Should the parties determine they would like any stipulations read to the jury before opening statements, the parties should meet and confer and prepare appropriate stipulations, keeping in mind the likely settlement of McNamee, Puzziferri and Dissosway and file those stipulations by no later than **Friday, December 21, 2007.**

**MOTIONS *IN LIMINE***

For the reasons articulated on the record at the pretrial conference, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion to exclude references to settlement negotiations is **GRANTED.**

2. Plaintiffs' motion *in limine* to exclude any reference to Garcia's immigration status and defendant Morbark's related motion to bar any evidence to Garcia's earning capacity or future earnings in the United States are **GRANTED**.

Ordinarily, evidence of the decedent's immigration status would not be relevant in a wrongful death suit by his family. See Hernandez v. Paicius, 109 Cal. App. 4th 452, 460 (2003). However, where economic damages based on his earning capacity are sought, Rodriguez v. Kline, 186 Cal. App. 3d 1145, 1148 (1986) applies. In this case, defendant has proffered evidence of Garcia's illegal status and plaintiffs have not disputed it. Accordingly, under Rodriguez if plaintiffs wish to recover economic damages which relate to the loss of the financial support they had received from Garcia, such damages are limited to what his earnings would have been in Guatemala.

If they so limit their damages, and do not open the door by testifying about losses tied to his past financial support, defendant is precluded from mentioning Garcia's immigration status.

The cases upon which the plaintiffs rely for the proposition that they can recover the loss of Garcia's earning capacity as a measure of general damages without requiring proof of his actual earnings are readily distinguishable. Generally, plaintiffs rely on dicta made before Proposition 51 was passed when the distinction between economic and non-economic damages was not as clear or on cases in which the facts do not support the dicta.

3. Morbark moved to exclude certain photographs depicting the accident scene. Plaintiffs only the opposed the motion as to five (5) of the photographs at issue. The parties are to meet and confer regarding these photographs. If they are unable to agree, I will rule on each photograph on the first day of trial.

4. Morbark's motion *in limine* to exclude any reference to liability insurance is **GRANTED.**

5. Morbark's Daubert motion to exclude the testimony of plaintiffs' experts Glen Stevick and Lisa Thomas, is **DENIED IN PART.** The only outstanding issues before me is whether: 1) whether Stevick is qualified to provide testimony as regarding the need or sufficiency of warnings; and 2) whether I should bar Stevick from testifying regarding his opinions on the placement of the emergency shutdowns since such an opinion was not included in his Rule 26 report.

With regards to the warning issue, if plaintiffs believe that Stevick's deposition contains testimony to support his qualifications to provide expert testimony on the issue, plaintiffs shall submit a copy of his complete deposition with reference to the applicable testimony by no later than **Thursday, December 20, 2007** at **noon.** Otherwise, a Daubert hearing will be necessary on the issue. I will notify the parties as to when the hearing will take place. Similarly, should plaintiff wish to provide authority as to why Stevick's opinions that were not included in his Rule 26 report should be admitted, they shall do so by no later than **Thursday, December 20, 2007** at **noon.** A final ruling will follow.

**JURY INSTRUCTIONS**

Rulings were made on the parties' proposed instructions. I provided the parties with draft jury instructions. I will post a second draft of jury instructions, after I rule on the settlements of McNamee, Puzziferri and Dissosway's shortly.

The parties shall submit a more succinct Ninth Circuit Model Instruction 1.2, shall address the Guatemalan life expectancy issue and shall file any objections to the court's proposed instructions, together with proposed revised instruction, by no later than **Friday, December 21, 2007**.

**IT IS SO ORDERED.**

Dated: December 21, 2007

_____
Bernard Zimmerman
United States Magistrate Judge