James Mills, SBN 203783
Law Office of James Mills
1300 Clay Street, Suite 600
Oakland, California  94612
**MAILING ADDRESS**
P.O. Box 2386
Alameda, California  94501
Tel: 510-521-8748
Fax: 510-277-1413

Attorney for Defendant and
Cross-Defendant JOHN McNAMEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MACARIA CALMO PEREZ, et al., | Case No.: **C06-5031 BZ** |
| Plaintiffs, | **EX-PARTE APPLICATION OF** |
| v. | **DEFENDANT AND CROSS-DEFENDANT** |
| | **JOHN McNAMEE FOR** |
| JOHN McNAMEE, et al., | **DETERMINATION OF GOOD FAITH** |
| | **SETTLEMENT PURSUANT TO C.C.P. §** |
| Defendant(s). | **877.6** |
| _____ | |
| EDWIN DISSOSWAY and NANCY PUZZIFERRI, | |
| Cross-Complainants, | |
| v. | |
| MORBARK, INC., a corporation, JOHN McNAMEE, individually and dba A&M TREE SERVICE, | |
| Cross-Defendant(s). | |
| _____ | |

Defendant and Cross-defendant John McNamee (hereinafter "Defendant") has settled the claims of plaintiffs for the sum of $87,200.00. Defendant has paid plaintiffs $33,600.00 to date and will pay the balance of $53,600 in 134 monthly payments of $400.00, through January 20, 2019. The settlement was reduced to a written agreement on February 15, 2005. *See* Declaration of James Mills, Exhibit A. The settlement is in conjunction with the Third Party Compromise and Release entered into in Workers' Compensation Appeals Board case number 032683 which accepts the payment terms set forth above. *See* Mills Decl., Exh. B.

Defendant and Cross-defendant Morbark, Inc. (hereinafter, "Morbark") does not have a cross-complaint on file against Defendant, and counsel for Morbark has indicated that he does not intend to file such a cross-complaint.

Defendant has provided plaintiffs' counsel with an asset declaration of Defendants' personal assets, which are minimal. *See* Mills Decl., Exh. C. Defendant has represented to plaintiffs and their counsel that he is incapable providing additional sums beyond the negotiated amount. Defendant has a wife and three minor children whom he supports with the fluctuating income of his landscaping business. Plaintiffs and their Guardian Ad Litem will release Defendant, subject to the approval of a Minor's Compromise, in exchange for the payment of the above sums.

The settlement has been negotiated in good faith and should be confirmed by this Court. Defendant respectfully requests that this Court enter and Order confirming that the Settlement was made in good faith pursuant to California C.C.P. § 877.6

DATE: December 19, 2007      LAW OFFICE OF JAMES MILLS

By:_____/s/_____
JAMES MILLS
Attorney for Defendant and Cross-Defendant
JOHN McNAMEE

# DECLARATION OF JAMES MILLS

I, JAMES MILLS, do declare:

1.      I am an attorney duly licensed to practice law before all the courts of the State of California and am counsel of record for JOHN McNAMEE in this matter.

2.      I am personally familiar with and competent to testify to the matters stated herein if called as a witness, except as to those matter based on information and belief, which I believe to be true.

3.      On February 15, 2005, JOHN McNAMEE entered into release and settlement agreement with representatives of plaintiffs, setting forth the terms under which Mr. McNamee would pay sums to plaintiffs totaling $87,200.00.  A true and correct copy is attached hereto as Exhibit A.

4.      On December 12, 2007, JOHN McNAMEE entered into a Third Party Compromise and Release with representatives of plaintiffs and the Uninsured Employers Fund.  The compromise and release accepts the payment terms negotiated under the February 15, 2005 release and settlement agreement.  A true and correct copy is attached hereto as Exhibit B.

5.      On December 7, 2007, JOHN McNAMEE executed an asset declaration for plaintiffs' counsel, setting forth his present assets and liabilities.  A true and correct copy is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

_____/s/_____
JAMES MILLS

---

APPLICATION FOR GOOD FAITH SETTLEMENT    3

## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT (hereinafter "Agreement") of all claims is entered into this _15th_ day of _February_, 20_05_, by and between the heirs of Norberto Pablo Garcia (hereinafter "Claimants"), and John McNamee and A&M Tree Service (hereinafter "McNamee), their agents, assigns, and successors-in-interest with reference to the accident that occurred on January 17, 2005 (hereinafter "Accident"). The consent and authorization drafted by counsel for Claimants, comprised of three pages, is attached hereto as Exhibit A.

In consideration therefor, McNamee shall pay $20,000.00 to Claimants, receipt of $8,000.00 which is hereby acknowledged. McNamee shall pay the balance owing of $12,000.00 within seven (7) of the execution of this Agreement. Additionally, McNamee shall pay $400.00 per month, commencing on _February 20_, 2005 through _January 20_, 2019.

In entering into this Release, Claimants understand and acknowledges that Claimants waive the provisions of California Civil Code Section 1542, which state as follows:

> "A general release does not extend to claims which a creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Claimants and McNamee acknowledge that this release is intended to apply to and made with reference to any claims or demands whatsoever in connection with the Accident, including without limitation, all claims arising from the process of negotiation and settlement of any claims.

V M P

## EXHIBIT A

The parties acknowledge that they have entered into this Release voluntarily and of their own free will and without admission as to fault by any party, and that no representations, other than as contained herein, have been made to them.

This release form has been drafted by the Law Office of James Mills, counsel to McNamee, as a convenience to the parties. Claimants are advised to review it with an attorney of their choice; otherwise, Claimants acknowledge that they understand the terms herein such that Claimants and McNamee may rely upon this acknowledgment.

**THIS CONSTITUTES A FULL AND COMPLETE RELEASE BETWEEN THE PARTIES HERETO.**

Dated: 2 – 15 – 0 5

Victor Martin Pablo Tomas as Authorized Representative of
The heirs of Norberto Pablo Garcia: Macaria Calmo Perez, Santos Migel Pablo,
Bonifacio Efrain, Elizabeth Maribel, and Alisandra Victoria

Dated: 2/15/05

John McNamee, individually and dba A&M Tree Service

V M P.

**EXHIBIT A**

VMP.
JM



### LICENCIADO
### MANUEL ARNOLDO LÓPEZ GUEVARA
### ABOGADO Y NOTARIO

Huehuetenango, 08 de febrero de 2005.

Yo, MACARIA CALMO PÉREZ, acepto el acuerdo hecho por mi cuñado Víctor Martín Pablo Tomás y Pedro Cruz Pablo (hermanos de mi difunto esposo) y mi hermano Joaquín Calmo Pérez, en presencia del personal del Consulado de Guatemala en la ciudad de San Francisco California de los Estados Unidos, el veinticuatro de enero de dos mil cinco.

El señor John Mcnamee (empleador) se comprometió a dar compensación por la muerte accidental que sufrió mi esposo Norberto Pablo García, cuando desempeñaba trabajo laboral siendo empleado del señor Mcnamee.

ACUERDO I: Veinte Mil Dólares, como adelanto parte de la compensación a mis cuatro hijos, Santos Miguel Pablo, de once años de edad, Bonifacio Efraín de nueve años de edad, Elizabeth Maribel de siete años de edad y Alisandra Victoria de cuatro años de edad. Todos hijos de Norberto Pablo García y Macaria Calmo Pérez.

ACUERDO II: Cuatrocientos dólares mensuales hasta que mi menor hija cumpla dieciocho años de edad. El dinero será depositado en cuenta vigente en el Citibank con sucursal en Oakland, California, Estados Unidos, dejando como tutor de cuenta a mi cuñado Víctor Martín Pablo, hasta que mi hija Alisandra Victoria cumpla dieciocho años.

Y por ignorar firmar acepto lo aquí estipulado dejando la impresión dactilar de mi dedo pulgar derecho.

MACARIA CALMO PÉREZ.

En la ciudad de Huehuetenango el uno de febrero de dos mil cinco, como Notario **DOY FE**, que la impresión dactilar que antecede corresponde a la **HUELLA DEL PULGAR DERECHO** de la señora Macaria Calmo Pérez, quien se identifica con la cédula de vecindad número de orden M guión trece y de registro catorce mil setecientos dieciséis, extendida por el Alcalde Municipal de Todos Santos Cuchumatán, en virtud de haber sido puesta en mi presencia el día de hoy por ella, quien deja su impresión dactilar del pulgar derecho nuevamente al final de la presente acta de legalización junto al infrascrito Notario que de todo lo relacionado DA FE.

**ANTE MÍ:**

V M P.
A M

## MANUEL ARNOLDO LOPEZ GUEVARA
## ATTORNEY AT LAW & NOTARY

Huehuetenango, February 8, 2005

The subscribed, **MACARIA CALMO PEREZ**, accepts the agreement made by my brother-in-law **Victor Martin Pablo Tomas** and **Pedro Cruz Pablo** (brothers of my deceased husband) and my brother **Joaquin Calmo Perez**, in the presence of the personnel from the Consulate of Guatemala in the City of San Francisco, California in the United States of America on the twenty fourth of January of two thousand and five.

Mister **John McNamee** (the employer) committed to provide a compensation for the accidental death suffered by my Husband **Norberto Pablo Garcia**, when he was performing labor work while being employed by Mister McNamee. The compensation to be paid by Mister **John McNamee** consists of the following:

**AGREEMENT I:** Twenty thousand dollars, as an initial payment for the compensation to my four children (**Santos Miguel Pablo**, eleven years old; **Bonifacio Efrain**, nine years old; **Elizabeth Maribel**, seven years old; and **Alisandra Victoria**, four years old). All four of them are children of **Norberto Pablo Garcia** and **Macaria Calmo Perez**.

**AGREEMENT II:** Four hundred dollars per month until my youngest daughter (**Alisandra Victoria**, four years old) turns eighteen years of age. The money will be deposited in an account at the Oakland Branch of Citibank. I name my brother-in-law **Victor Martin Pablo** the legal guardian and representative for the account until my daughter **Alisandra Victoria** turns eighteen years of age.

Because I do not know how to sign this document, I accept the statements above with my right hand thumb fingerprint.

<u>The right hand thumb fingerprint</u>
**MACARIA CALMO PEREZ**

In the city of Huehuetenango this first of February of two thousand and five, as a NOTARY **I ATTEST** that the fingerprint above corresponds to the RIGHT HAND THUMB FINGERPRINT of Mrs. **Macaria Calmo Perez**, who has identified herself with the ID (Cedula de Vecindad) number M dash thirteen and registration number fourteen thousand seven hundred and sixteen, signed by the Mayor of the Municipality of Todos Santos Cuchumatan. She has presented herself today before me and has again signed by putting her right hand thumb fingerprint at the bottom of this document, next to the Notary's signature, who ATTESTS to the above.

BEFORE ME.

The right hand thumb fingerprint

Illegible signature

V M P.

J M

Lic. Manuel Arnoldo López Guevara
**ABOGADO Y NOTARIO**

6ª. Av. 5-19 zona 1, 2°. Nivel Oficina No. 3. Huehuetenango. Tel. 77691280. Celular 54134544.

2005



Decreto Legislativo Número 1735.

No. de Orden                    No. de Registro
**M-13**        **CEDULA DE VECINDAD**    **14,716.**

El infrascrito Alcalde Municipal de   **Todos Santos Cuchumatán.**
del departamento de   **Huehuetenango.**

Certifico que esta Cédula pertenece a:
**Macaria Calmo Pérez.**

**000012481411**

NOTA: Será castigado conforme al Código Penal, quien altere cualesquiera de los datos consignados en esta Cédula.

(CONSTA DE OCHO PAGINAS)

---

## DATOS PERSONALES

Nombres y apellidos:    **Macaria Calmo Pérez.**
Nombre usual:    **El mismo.**
Hijo de:    **Telésforo Calmo Matías.**
             (Nombre del padre)

    **Antonia Pérez Pablo.**
             (Nombre de la madre)

Lugar de nacimiento:   **Todos Santos Cuchumatán.**
fecha    **02**    de    **Enero**    del **1,975.**
Estado civil:    **Soltera.**
Nombre de la esposa (o):
Profesión u oficio:    **Domésticos.**
Sabe leer?    **No**    ¿Sabe escribir?    **No**
Residencia    **Aldea Mash.**
                (Cantón o barrio)

(Aldea)          (Cantón)

(Ciudad)

## CARACTERISTICAS PERSONALES

Lunares, cicatrices visibles
impedimentos
defectos físicos
Color de la tez    **Morena.**
Color de los ojos    **Cafés.**
Color del cabello    **Negro.**
¿Es lacio?    **Sí**   ¿Es crespo?    **No**
Estatura    **1** metros    **51** centímetros.
fecha    **Todos Santos. C.**
a    **04**    de **Agosto** de **1,993**

**Ignora.**
(Firma del vecino)

**Ilegible**

V M P.
M

**THIRD PARTY**

**COMPROMISE AND RELEASE**

OAK

**CASE NO.** 0326834

**SOCIAL SECURITY NO.**

(Mr.) Macaria Calmo Perez ; Santos Miguel Pablo Calmo;
Bonifacio Efrain Pablo Calmo; Elizabeth
(Mrs.) Maribel Pablo Calmo ) Alisandra Victoria
(Miss) Pablo Calmo and Norberto Pablo Garcia Aldea Mash, Todos Santos C., Huehuetenango, Guatemala
(deceased employee) vs.
EMPLOYEE                    ADDRESS

John McNamee, DBA A&M Tree Service          2043 Clinton Avenue, Alameda, California 94501
CORRECT NAME OF EMPLOYER                    ADDRESS

Uninsured Employers Fund, Div. of Workers Comp.    P.O. Box 429397, San Francisco, CA 94142
CORRECT NAME OF INSURANCE CARRIER                  ADDRESS

The parties hereto, for the purpose of compromise only, hereby submit the following agreed statements of fact:

1. Norberto Pablo Garcia ......................................, born on July 30, 1972

claims that he was employed on the 17th day of January, 2005 at 2015 San Antonio Avenue, Alameda, CA 94501
                                        (MONTH)  (YEAR)      (CITY)              (STATE)

as a Laborer ...................................... by John McNamee, DBA A&M Tree Service then insured as to
       (OCCUPATION)                                   (NAME OF EMPLOYER)

workers' compensation liability by Uninsured ............................................................. and that
                                   (STATE NAME OF CARRIER OR WHETHER SELF-INSURED)

he sustained an injury arising out of and in the course of his employment as follows: Death

......................................................................................................................................

......................................................................................................................................

2. The actual weekly wages of the employee at the time of injury were $ 500.00 ........................., while the average weekly

wages were $ 500.00 ........................

3. The employee's present disability is 1/17/05 ongoing ..............................................
                                                                    (STATE PRESENT DISABILITY RESULTING FROM THE INJURY)

and the employee N/A ...................... returned to work N/A ..............................................
                                                               (IF SO, WHEN)

4. (a) Temporary disability indemnity has been paid to the employee in the sum of $ 0.00 ............. at $ ...............

per week covering ........................ to ........................ The amount due and unpaid to the employee is $ ......................

(b) Permanent disability indemnity has been paid to the employee in the sum of $ ............. covering period ............ to ......................

5. Medical and hospital expenses have been paid $ 0.00 ............. by the employee and $ 0.00 ............. by the employer

or carrier. Unpaid bills amount to $ ......................... Future medical and hospital expense is estimated at $ 0.00 ...................

Unpaid and future medical and hospital expense is to be assumed as follows: ......................................................

......................................................................................................................................

......................................................................................................................................

6. Name and address of employee's attorney, if any Law offices of John E. Hill, 8105 Edgewater Drive, #100, Oakland, California 94621

DWC WCAB FORM 17 (PAGE 1) (REV. 10-92)

6(a) The applicants herein claim to have been dependent upon said employee at
the time of injury, and state the names, ages, relationship and extent of dependancy
upon employee as follows: Macaria Calmo Perez, age 32, spouse and total dependant;
Santos Miguel Pablo Calmo, age 14, son, total dependant; Bonifacio Efrain Pablo Calmo,
age 12, son, total dependant; Elizabeth Maribel Pablo Calmo, age 10, daughter, total
dependant; and Alisandra Victoria Pablo Calmo, age 7, daughter, total dependant.

**EXHIBIT B**

7. It is claimed that the injury to the employee was caused by the negligence of ... *in dispute* ..................................

.................................................................................. An agreement has been reached for the settlement in full of *dependant's*

*death claim*    against said alleged tort-feasor for the sum of $ (1) *300,000 From defendant Edwin Disaway* *and Nancy Puzziferry* (2) *$87,200. From John McNamee;* (3) *UEF = 0*

8. Copy of the settlement agreement between the *dependant* and the alleged tort-feasor is *attached as exhibit E*
(COPY MUST BE ATTACHED, IF IN WRITING, OR EXPLANATION GIVEN)

.........................................................................................................................................................................

.........................................................................................................................................................................

9. From said sum the employee's attorney requests a fee of $ *(see attached Exhibits: A, B, C and D)* *75,077.00* and $ *49,533.00* for

expenses incurred   [Note: attach supporting statements, e.g.: Court approval, agreement, services rendered, etc. --- See

Labor Code Section 3860(f)] leaving a balance of $ *262,356. 00* to be divided between *dependants* and the

*Uninsured Employers Fund* ........................................................................................................................... as follows:
(CARRIER OR SELF-INSURED)

To *dependants* (net) ................................................................ $ *262,356. 00*

To *Uninsured Employers Fund* ................................................ $ *∅*
(CARRIER OR SELF-INSURED)

10. Reason for Compromise (includes issues that would be raised in event of proceedings under provisions of paragraph 13)

.........................................................................................................................................................................

.........................................................................................................................................................................

.........................................................................................................................................................................

.........................................................................................................................................................................

11. The undersigned request that this Compromise Agreement and Release be approved.

12. Upon approval of this Compromise Agreement by the Workers' Compensation Appeals Board and payment in accordance with the provisions hereof, said employee releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury, including any and all liability of said employer and said insurance carrier and each of them to the dependents, heirs, executors, representatives, administrators or assigns of said employee.

13. It is agreed by all parties hereto that the filing of this document is the filing of an application on behalf of the employee, and that the W.C.A.B. may in its discretion set the matter for hearing as a regular application, reserving to the parties the right to put in issue any of the facts admitted herein, and that if hearing is held with this document used as an application the defendants shall have available to them all defenses that were available as of the date of filing of this document, and that the W.C.A.B. may thereafter either approve said Compromise Agreement and Release or disapprove the same and issue Findings and Award after hearing has been held and the matter regularly submitted for decision.

14. For the purpose of determining the lien claim filed herein for the unemployment compensation disability benefits or unemployment compensation benefits and extended duration benefits which have been paid under or pursuant to the California Unemployment Insurance Code, the parties propose the following division of the sum agreed upon for settlement and release of this case:

$ ........N/A........ for temporary disability covering the period ................................................ to ................................................

$ ........N/A........ for accrued medical expense paid or incurred by the employee.

$ ........N/A........ for future medical care.

$ ........N/A........ for permanent disability.

(The above segregation must be fair and reasonable and must be based on the real facts of the case. There should be no attempt made to deprive the lien claimant of a reasonable recovery consistent with all the amounts involved. W.C.A.B. Rule 10886 requires proof of service of a copy of this agreement on such Lien Claimant.)

Witness *the execution hereof this* ........................... *day of* ................................................................... at ................................................

_____

James Mills, Attorney for John McNamee

**WITNESSES**
THE INJURED EMPLOYEE'S SIGNATURE MUST BE ATTESTED BY TWO
DISINTERESTED PERSONS
**OR**
ACKNOWLEDGED BEFORE A NOTARY PUBLIC

STATE OF CALIFORNIA

.................................... County of .................................... } *ss.*

On this ........................... *day of* ...................................... A.D., ............. *before me,*
.................................................................................... *a Notary Public in and for the said*
*County and State, residing therein, duly commissioned and sworn, personally appeared*
..................................................................................................................................
..................................................................................................................................
..................................................................................................................................
*known to me to be the person ............. whose name ................... subscribed to the within*
*instrument, and acknowledged to me that ................ he ................... executed the same.*
IN WITNESS WHEREOF, *I have hereunto set my hand and affixed my official seal the*
*day and year in this Certificate first above written.*

..................................................................................................
*Notary Public in and for said County and State of California*

## INSTRUCTIONS

1. If the injured employee be under 18 years of age and a guardian ad litem has not been previously appointed, a petition for appointment of guardian ad litem and trustee must accompany this agreement.

2. The guardian must sign this agreement on behalf of an injured employee who is under 18 years of age. If the minor is above the age of 14, such minor should also sign this agreement.

3. Kindly attach all medical reports not heretofore submitted to the Workers' Compensation Appeals Board.

4. Also attach a copy of the agreement with the third party tort-feasor, if such agreement is in writing.

## MACARIA CALMO PEREZ, et al., vs. MCNAMEE, et al.,
## DISBURSEMENT
### December 11, 2007

| | |
|---|---|
| **Settlement Paid by EDWIN DISSOSWAY and NANCY PUZZIFERRI** | $200,000.00 |
| **Attorney fees**<br><br>Law Offices of John E. Hill, PC | $41,744.00 |
| Subtotal | $158,256.00 |
| Less cost of suit (see attached) | $33,022.00 |
| Subtotal | $125,234.00 |
| **Net To Client SANTOS M. CALMO** | $31,308.50 |
| **Net To Client BONIFACIO E. CALMO** | $31,308.50 |
| **Net To Client ELIZABETH M. CALMO** | $31,308.50 |
| **Net To Client ALISANDRA V. CALMO** | $31,308.50 |

I, JEFFREY MILLS BRYANT, Guardian Ad Litem, for the above-named minors agree to the above disbursement:

DATED:_____          Name:_____
                                        **JEFFREY MILLS BRYANT**

DATED:_____          Approved:_____
                                        **JOHN E. HILL**

*Exhibit B*

### MACARIA CALMO PEREZ, et al., vs. MCNAMEE, et al.,
### DISBURSEMENT
### December 11, 2007

| | |
|---|---|
| Settlement Paid by EDWIN DISSOSWAY and NANCY PUZZIFERRI | $100,000.00 |
| Attorney fees<br><br>Law Offices of John E. Hill, PC | $33,333.00 |
| Subtotal | $66,667.00 |
| Less cost of suit (see attached) | $16,511.00 |
| Subtotal | $50,156.00 |
| Net To Client | $50,156.00 |

I, MACARIA CALMO PEREZ, agree to the above disbursement:

DATED:_____          Name:_____
                          MACARIA CALMO PEREZ


DATED:_____          Approved:_____
                          JOHN E. HILL

Exhibit C

**MACARIA CALMO PEREZ, et al., vs. JOHN McNAMEE**
**DISBURSEMENT**
**December 11, 2007**

| | |
|---|---|
| Paid to Date by JOHN McNAMEE | $33,200.00 |
| Due at $400.00 per month for 144.5 months | $53,600.00 |
| Total | $87,200.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I, MACARIA CALMO PEREZ, agree to the above disbursement:

DATED:_____          Name:_____
                          **MACARIA CALMO PEREZ**

DATED:_____          Approved:_____
                          **JOHN E. HILL**

# Law Offices of John E. HIII, P.C.
## Perez Transaction Detail Report
### All Transactions

| Type | Date | Num | Name | Source Name | Memo | Amount |
|------|------|-----|------|-------------|------|--------|
| Bill | 4/4/2006 | 25278 | Perez v. Morbrak | Berkeley Engineerin... | | 450.00 |
| Bill | 4/4/2006 | Retai... | Perez v. Morbrak | Berkeley Engineerin... | | 2,500.00 |
| Check | 4/19/2006 | 19449 | Perez v. Morbrak | Alameda County Su... | Filing fees | 320.00 |
| Check | 4/25/2006 | 19494 | Perez v. Morbrak | Jose Duran | | 6.00 |
| Check | 5/10/2006 | 19500 | Perez v. Morbrak | Advocate Capital | Apr interest | 8.67 |
| Check | 6/6/2006 | 19558 | Perez v. Morbrak | Advocate Capital | Interest 05/3... | 24.04 |
| Check | 6/16/2006 | 19617 | Perez v. Morbrak | Jose Castanon | Interpreting P... | 225.00 |
| Check | 7/7/2006 | 19653 | Perez v. Morbrak | Advocate Capital | June int | 17.46 |
| Bill | 8/2/2006 | 6625... | Perez v. Morbrak | One Legal, Inc. (for... | | 14.95 |
| Check | 8/7/2006 | 19735 | Perez v. Morbrak | Advocate Capital | | 25.68 |
| Bill | 8/28/2006 | P130... | Perez v. Morbrak | Interceptor | | 20.00 |
| Check | 9/8/2006 | 19797 | Perez v. Morbrak | Jose Duran | mileage | 14.94 |
| Check | 9/8/2006 | 19797 | Perez v. Morbrak | Jose Duran | mileage | 5.21 |
| Check | 9/8/2006 | 19797 | Perez v. Morbrak | Jose Duran | tolls | 3.00 |
| Bill | 9/22/2006 | 141671 | Perez v. Morbrak | Bender's Legal Ser... | | 75.00 |
| Bill | 9/26/2006 | P130... | Perez v. Morbrak | Interceptor | | 35.00 |
| Bill | 9/26/2006 | P130... | Perez v. Morbrak | Interceptor | | 35.00 |
| General J... | 10/5/2006 | 932pr | Perez v. Morbrak | Cohen v. Infinity | | 1.45 |
| Check | 10/13/2006 | 19891 | Perez v. Morbrak | Advocate Capital | Int Sept | 17.46 |
| Check | 10/18/2006 | 19408 | Perez v. Morbrak | Cesar Estrada | JEH guatema... | 1,675.00 |
| Check | 10/20/2006 | 19911 | Perez v. Morbrak | Jose Duran | expense reim... | 6.36 |
| Check | 11/14/2006 | 19961 | Perez v. Morbrak | Advocate Capital | int Oct | 25.68 |
| Check | 11/16/2006 | 19967 | Perez v. Morbrak | Cash | Guatemala e... | 1,100.00 |
| Check | 11/16/2006 | 19968 | Perez v. Morbrak | James Denio | Guatemala p... | 43.39 |
| Credit Car... | 11/16/2006 | | Perez v. Morbrak | | Guatemala ai... | 1,207.00 |
| Check | 12/12/2006 | 20054 | Perez v. Morbrak | Advocate Capital | 124 interest e... | 24.85 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh equip | 1,776.29 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh meals | 42.44 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh hotel | 170.39 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh car | 886.16 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh hotel guat... | 144.65 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh meal Jeff ... | 108.38 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh meal cea... | 273.30 |
| Credit Car... | 12/15/2006 | | Perez v. Morbrak | | jeh meal olfra... | 206.25 |
| Check | 12/26/2006 | 20082 | Perez v. Morbrak | David Stewart | Perez transla... | 500.00 |
| Check | 1/8/2007 | 20126 | Perez v. Morbrak | Advocate Capital | Int. 12.31.06 | 61.91 |
| Bill | 1/12/2007 | 8629... | Perez v. Morbrak | Federal Express | | 19.43 |
| Check | 2/8/2007 | 20207 | Perez v. Morbrak | Advocate Capital | Interest 1/31/... | 24.85 |
| Check | 2/8/2007 | 20207 | Perez v. Morbrak | Advocate Capital | Interest 1/31/... | 54.34 |
| Bill | 3/1/2007 | 06-24... | Perez v. Morbrak | Berkeley Engineerin... | | 1,200.00 |
| Bill | 3/17/2007 | 112923 | Perez v. Morbrak | One Hour Delivery ... | | 29.70 |
| Bill | 3/17/2007 | 112923 | Perez v. Morbrak | One Hour Delivery ... | | 44.00 |
| Bill | 3/17/2007 | 112923 | Perez v. Morbrak | One Hour Delivery ... | | 49.50 |
| Bill | 3/17/2007 | 112923 | Perez v. Morbrak | One Hour Delivery ... | | 29.70 |
| Check | 3/19/2007 | 20281 | Perez v. Morbrak | Advocate Capital | Interest FEb07 | 76.55 |
| Bill | 3/28/2007 | | Perez v. Morbrak | Berkeley Engineerin... | | 1,200.00 |
| Check | 3/28/2007 | 20322 | Perez v. Morbrak | James Denio | Perez travel ... | 290.00 |
| Check | 3/28/2007 | 20323 | Perez v. Morbrak | Demetri Panayotop... | DVD edit/Perez | 2,000.00 |
| Bill | 4/3/2007 | Perez | Perez v. Morbrak | Eric Ivary | | 358.75 |
| Check | 4/5/2007 | 20342 | Perez v. Morbrak | Advocate Capital | Interest and ... | 81.83 |
| Check | 4/10/2007 | 20349 | Perez v. Morbrak | Imelda Cervantes | expense reim... | 10.50 |
| Bill | 4/13/2007 | 8799... | Perez v. Morbrak | Federal Express | | 27.12 |
| Bill | 4/13/2007 | 8799... | Perez v. Morbrak | Federal Express | | 36.71 |
| Bill | 5/2/2007 | Perez | Perez v. Morbrak | California Clarion C... | | 4,928.60 |
| Bill | 5/2/2007 | AT10... | Perez v. Morbrak | AT Conference | | 3.77 |
| Bill | 5/3/2007 | 25948 | Perez v. Morbrak | Berkeley Engineerin... | | 4,659.28 |
| Check | 5/8/2007 | 20437 | Perez v. Morbrak | Advocate Capital | Interest paym... | 24.85 |
| Check | 5/8/2007 | 20437 | Perez v. Morbrak | Advocate Capital | Interest paym... | 54.34 |
| Check | 5/9/2007 | 20439 | Perez v. Morbrak | Clerk, Alameda Co... | Norberto Gar... | 14.00 |
| Bill | 5/15/2007 | 160952 | Perez v. Morbrak | Copy Station | | 107.40 |
| Bill | 5/18/2007 | 86 | Perez v. Morbrak | Berkeley Research ... | | 2,700.00 |
| Bill | 5/18/2007 | 2045... | Perez v. Morbrak | Federal Express | | 30.09 |
| Bill | 5/18/2007 | 572048 | Perez v. Morbrak | Continental Reporti... | | 607.00 |
| Check | 6/1/2007 | 20467 | Perez v. Morbrak | Emerick and Finch | COD Perez | 625.20 |
| Bill | 6/1/2007 | 2070... | Perez v. Morbrak | Federal Express | | 13.97 |
| Bill | 6/4/2007 | Perez | Perez v. Morbrak | California Clarion C... | | 5,200.00 |
| Bill | 6/4/2007 | Perez | Perez v. Morbrak | California Clarion C... | | 1,392.94 |
| Check | 6/6/2007 | 20498 | Perez v. Morbrak | Advocate Capital | Interest May ... | 25.68 |
| Check | 6/6/2007 | 20498 | Perez v. Morbrak | Advocate Capital | Interest May ... | 56.15 |
| Credit | 6/6/2007 | | Perez v. Morbrak | Berkeley Engineerin... | | -1,200.00 |
| Bill | 6/7/2007 | 26005 | Perez v. Morbrak | Berkeley Engineerin... | | 3,213.08 |
| Credit Car... | 6/24/2007 | | Perez v. Morbrak | | | 591.00 |
| Bill | 6/30/2007 | 118612 | Perez v. Morbrak | One Hour Delivery ... | | 56.00 |

# Law Offices of John E. HIll, P.C.
## Perez Transaction Detail Report
### All Transactions

| Type | Date | Num | Name | Source Name | Memo | Amount |
|------|------|-----|------|-------------|------|--------|
| Check | 7/6/2007 | 20574 | Perez v. Morbrak | Advocate Capital | June int | 106.74 |
| Check | 7/20/2007 | 20581 | Perez v. Morbrak | Jose Duran | Exp reimb | 32.24 |
| Check | 7/27/2007 | 20583 | Perez v. Morbrak | Great Lakes Shorth... | Perez transcr... | 729.80 |
| Check | 8/8/2007 | 20625 | Perez v. Morbrak | Advocate Capital | Inte 7/31/07 | 295.34 |
| Bill | 9/3/2007 | ATI00... | Perez v. Morbrak | AT Conference | | 19.60 |
| Check | 9/6/2007 | 20679 | Perez v. Morbrak | Advocate Capital | Int Aug | 295.34 |
| Bill | 9/14/2007 | 26065 | Perez v. Morbrak | Berkeley Engineerin... | | 141.25 |
| Check | 10/9/2007 | 20715 | Perez v. Morbrak | Advocate Capital | Int Sept | 280.24 |
| Check | 10/22/2007 | dm | Perez v. Morbrak | Christina Carmelina | expenses tra... | 500.00 |
| Check | 11/8/2007 | 20761 | Perez v. Morbrak | Advocate Capital | Customer ID ... | 345.90 |
| Bill | 11/20/2007 | Jose ... | Perez v. Morbrak | John E. Hill | castenon | 1,100.00 |
| Bill | 11/26/2007 | | Perez v. Morbrak | Berkeley Engineerin... | | 5,000.00 |
| **Total** | | | | | | **49,533.69** |

I, JOHN McNAMEE, do declare:

I make this declaration for the purpose of disclosing my financial condition.

<u>ASSETS</u>

1. I earn approximately $30,000.00 per year as the sole proprietor of A&M Tree Service. I own landscaping equipment of undetermined, but minimal, value.

2. 21571 Western Boulevard, Hayward, CA, assessed value: $177,298.00.

3. 875 Alvarado Street, San Leandro, CA, assessed value: $177,525.00.

4. Wells Fargo Checking Account: $272.48.

5. Wells Fargo Business Checking: $68.30.

6. Wells Fargo Savings Account: $10.95.

7. Wells Fargo Certificate of Deposit: $2,646.01.

8. ING Savings Account: $1,675.82.

9. Franklin Money Funds: $967.47.

10. F. Sector Funds: $1,392.82.

11. TD Ameritrade Stock Holdings: $4,358.57.

12. Monthly Rental Income from 21571 Western Boulevard, Hayward, CA: $1,000.00.

<u>DEBTS</u>

13. Wells Fargo Home Equity Line on 21571 Western Boulevard, Hayward, CA: $175,790.00 (7.60%).

14. Citibank First Mortgage on 21571 Western Boulevard, Hayward, CA: $60,585.00 (6.79%).

15. Beneficial Loan on 875 Alvarado Street, San Leandro, CA: $35,486.35 (12.25%).

**EXHIBIT C**

1    16.    Discover Personal Loan: $25,000.00 (9.99%).

2    17.    Bank of America Personal Loan: $374.67.

3    18.    Advanta MasterCard: $8,254.18.

4    19.    Wells Fargo Visa: $5,403.54.

5    20.    WaMu Visa: $3,902.93.

6    21.    Target Visa: $1,204.67.

7    22.    Discover Card: $926.86.

8    23.    1st Equity Visa: $404.18.

9    24.    Shell Oil Card: $1,237.58.

10    25.    Delinquent Property Taxes on 875 Alvarado Street, San Leandro, CA for second

11   half of 2001/2002: $1,105.56.

12    26.    Unpaid Property Taxes on 875 Alvarado Street, San Leandro, CA for 2007:

13   $2,488.62.

14    27.    Unpaid Property Taxes on 21571 Western Boulevard, Hayward, CA for second

15   half of 2003/2004: $1,179.23.

16    28.    Monthly payment to widow and children of Norberto Garcia: $400.00.

17    29.    Monthly rent for family home on 2043 Clinton Avenue, Alameda, CA: $900.00.

18    30.    I have no policy of insurance that provides coverage for the subject incident.

19    31.    I have not made any transfer of assets subsequent to the subject incident.

20   Executed this _____ day of December, 2007 under penalty of perjury under the laws of

21   the State of California in Alameda, California.

22

23

24
                                                    _____
25
                                                    JOHN McNAMEE

16. Discover Personal Loan: $25,000.00 (9.99%).

17. Bank of America Personal Loan: $3,774.07.

18. Advanta MasterCard: $8,724.18.

19. Wells Fargo Visa: $5,405.54.

20. WaMu Visa: $3,902.93.

21. Target Visa: $1,204.67.

22. Discover Card: $926.86.

23. 1st Equity Visa: $404.18.

24. Shell Oil Card: $1,237.58.

25. Delinquent Property Taxes on 875 Alvarado Street, San Leandro, CA for second half of 2001/2002: $1,105.56.

26. Unpaid Property Taxes on 875 Alvarado Street, San Leandro, CA for 2007: $2,488.62.

27. Unpaid Property Taxes on 21571 Western Boulevard, Hayward, CA for second half of 2003/2004: $1,179.23.

28. Monthly payment to widow and children of Norberto Garcia: $400.00.

29. Monthly rent for family home on 2043 Clinton Avenue, Alameda, CA: $900.00.

30. I have no policy of insurance that provides coverage for the subject incident.

31. I have not made any transfer of assets subsequent to the subject incident.

Executed this **7** day of December, 2007 under penalty of perjury under the laws of the State of California in Alameda, California.

*John McNamee*

James Mills, SBN 203783
Law Office of James Mills
1300 Clay Street, Suite 600
Oakland, California 94612
**MAILING ADDRESS**
P.O. Box 2386
Alameda, California 94501
Tel: 510-521-8748
Fax: 510-277-1413

Attorney for Defendant and
Cross-Defendant JOHN McNAMEE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MACARIA CALMO PEREZ, et al., | Case No.: **C06-5031 BZ** |
| Plaintiffs, | **[PROPOSED] ORDER CONFIRMING** |
| v. | **DETERMINATION OF GOOD FAITH** |
| | **SETTLEMENT OF PLAINTIFFS AND** |
| JOHN McNAMEE, et al., | **DEFENDANT AND CROSS-DEFENDANT** |
| | **JOHN McNAMEE PURSUANT TO C.C.P.** |
| Defendant(s). | **§ 877.6** |
| _____ | |
| EDWIN DISSOSWAY and NANCY PUZZIFERRI, | |
| Cross-Complainants, | |
| v. | |
| MORBARK, INC., a corporation, JOHN McNAMEE, individually and dba A&M TREE SERVICE, | |
| Cross-Defendant(s). | |
| _____ | |

Having reviewed the application of Defendant and Cross-defendant John McNamee (hereinafter "Defendant") for determination of good faith settlement pursuant to California C.C.P. § 877.6 and no opposition being filed thereto, this Court determines that the settlement between Defendant and plaintiffs was made in good faith.

IT IS HEREBY ORDERED that any other joint tortfeasor, including but not limited to Morbark, Inc., Edwin Dissosway and Nancy Puzziferri, are barred from any claims against Defendant for equitable comparative contribution, or partial or comparative indemnity, based upon comparative negligence or comparative fault.

Dated: ___December 27, 2007_____    _____

Honorable Bernard Zimmerman
Magistrate Judge of the Federal Court



**PROOF OF SERVICE**

I declare that I am a citizen of the United States, that I have attained the age of majority, and that I am not a party to this action. My business address is 1300 Clay Street, Suite 600, Oakland, California, 94612. I am familiar with this firm's practice of collection and processing of correspondence to be deposited for delivery via the U.S. Postal Service as well as other methods used for delivery of correspondence. On the below stated date, in the manner indicated, I caused the within document(s) entitled:

**EX-PARTE APPLICATION OF DEFENDANT AND CROSS-DEFENDANT JOHN McNAMEE FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO C.C.P. § 877.6; DECLARATION OF JAMES MILLS; PROPOSED ORDER**

to be served on the party(ies) or their (its) attorney(s) of record in this action:

[ ] Via Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Oakland, California.

[ ] Via CERTIFIED Mail: I caused each envelope (with postage affixed thereto) to be placed in the U.S. mail at Alameda, California.

[ ] Via Personal Service: I instructed each envelope to be hand-delivered via AERO SPECIAL DELIVERY to the address listed below.

[ ] Via Overnight Courier: I caused each envelope to be delivered via overnight mail by FEDERAL EXPRESS.

[ ] Via FACSIMILE: I instructed such to be transmitted via facsimile to the office(s) of the addressee(s).

[X] Via E-Mail: I caused to be transmitted via electronic mail to the e-mail address(es) of the addressee(s).

addressed as follows:

SEE SERVICE LIST ATTACHED

[ ] State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] Federal: I declare that I am a member of the bar of this court and service was made as stated herein.

Executed on December 19, 2007, at Oakland, California.

_____/s/_____
JAMES MILLS

## SERVICE LIST

**Attorneys Plaintiffs**

John E. Hill, Esq.
Daniel A. Stenson, Esq.
Law Offices of John Hill
8105 Edgewater Drive, Ste. 100
Oakland, CA 94621

Tel: 510-588-1000
Fax: 510-729-6333

johnhill@hill-law-offices.com
danielstenson@hill-law-offices.com

**Attorneys for Defendants/Cross-Defendant Morbark, Inc.**

Kevin Dougherty, Esq.
Warner, Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487

Tel: 616.752.2000
Fax: 616.752.2500

kdougherty@wnj.com

**Attorneys for Defendants/Cross-Defendant Morbark, Inc.**

Duane C. Musfelt, Esq.
John Walovich, Esq.
Lewis Brisbois, et al.
One Sansome Street, Ste. 1400
San Francisco, CA 94104

Tel: 415-362-2580
Fax: 415-434-0882

musfelt@lbbs.com
walovich@lbbslaw.com

**Attorneys for Defendants/Cross-Complainants Edwin Dissosway and Nancy Puzziferri**

Lawrence A. Baker, Esq.
Buresh, Kaplan, et al.
2298 Durant Avenue
Berkeley, CA 94704

Tel: 510-548-7474
Fax: 510-548-7488

lbaker@bkjf.com